acm

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NOEL D. EBERTING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-4005-JAR |
| | ) |
| ONE DOLLAR SHOPS, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on defendant One Dollar Shop, Inc.'s Motion to Dismiss (Doc. 7). Plaintiff, a pro se litigant, filed this action against his former employer alleging violations of various "Whistle Blower" statutes. As explained more fully herein, because plaintiff has failed to state a claim upon which relief can be granted, the Court grants defendant's Motion to Dismiss.

**I.    Factual Basis**

This action arises out of plaintiff's termination from employment with defendant, One Dollar Shops, Inc. On January 5, 2006, plaintiff filed a Complaint alleging that he was "forced out of employment" by defendant on November 15, 2003, as a result of having "reported to the regional manager illegal activity in which [another employee] was involved in [sic], to include altering and falsifying time cards, harassing employees, and threatening a Postal Employee."[1] Plaintiff further contends that his termination was "due to participation in being a Whistle

---

[1](Doc. 1 at 2.)

Blowers [sic], which is covered pursuant to Bill M 202–1994 Whistle Blowers Protection Act § 112.3187, as well as, KSA 44-710 (c)."[2]

On February 21, 2006, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 7.)  Plaintiff's response was due twenty-three days later on March 16, 2006.[3]  To date, plaintiff has not responded to defendant's motion to dismiss.  The Court has considered whether plaintiff's failure to respond to the motion to dismiss in a timely fashion should result in dismissal of the action.  The local rules allow a party twenty-three days to respond to a motion to dismiss.[4]  In the event a party fails to respond, the local rules provide that the party has waived his right to file a response except upon a showing of excusable neglect.[5]  Absent a showing of excusable neglect, the motion "will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[6]  Because plaintiff has failed to respond to defendant's motion to dismiss and has failed to make a showing of excusable neglect, the Court may grant the motion to dismiss simply based on this failure.  Additionally, the Court analyzes plaintiff's claims against defendant, and concludes that these claims should be dismissed for failure to state a claim under the Rule 12(b)(6) standard.

**II.    Rule 12(b)(6) Standard**

---

[2](*Id.*)

[3]D. Kan. Rule 6.1(d)(2).

[4]*Id.*

[5]D. Kan. Rule 7.4.

[6]*Id.*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[7] Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[8] "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."[9]

On a Rule 12(b)(6) motion, a court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[10] The Court construes the allegations in the light most favorable to the plaintiff.[11] These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[12] "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster."[13] Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[14]

---

[7]Fed. R. Civ. P. 12(b)(6).

[8]*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

[9]*Mounkes v. Conklin*, 922 F. Supp. 1502, 1506 (D. Kan. 1996) (quotation omitted).

[10]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[11]*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[12]*Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[13]*Mounkes*, 922 F. Supp. at 1506 (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988) (quotation omitted)).

[14]*Id.*

Additionally, the Court is mindful of plaintiff's pro se status and will construe the pro se pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[15] However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]  The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[17]

**III.   Discussion**

Plaintiff alleges that defendant terminated his employment "due to participation in being a Whistle Blowers [sic], which is covered pursuant to Bill M 202–1994 Whistle Blowers Protection Act § 112.3187, as well as, KSA 44-710 (c)."[18]  However, none of the statutes cited by plaintiff provide him with a cause of action upon which plaintiff may seek relief.

Defendant contends that plaintiff's first statutory citation, to Bill M202–1994, Whistle Blowers' Protection Act, is a Canadian enactment.[19]  This bill was enacted by the Thirty-Fifth Parliament of the 1994 Legislative Assembly of the Province of British Columbia.  This Act cannot provide plaintiff any relief in an action stemming from plaintiff's termination of employment in the State of Kansas.

Defendant suggests that plaintiff's next statutory citation to "Section 112.3187" references the Whistle-Blower's Act enacted in the State of Florida.  Likewise, this statute provides no relief to plaintiff against an employer in the State of Kansas.

---

[15]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[16]*Id.*

[17]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[18]*Id.*

[19](Doc. 8, Ex. A.)

4

Plaintiff's third statutory citation is to K.S.A. § 44-710(c).  This is a Kansas statute which describes the manner in which employers contribute payments under the Kansas Employment Security Law.[20]  Defendant is correct in asserting that this statute creates no cause of action against any employer by an employee, based on any whistle-blowing activity.

Although plaintiff makes no reference in his Complaint, defendant points the Court to the whistle blower statute in Kansas.[21]  This statute applies to state employees' communications with legislators, legislative committees, auditing agencies, and others.[22]  Plaintiff has not alleged that he is a state employee, and thus this statute also cannot provide him relief.

To the extent plaintiff is attempting to bring a claim for retaliatory discharge for whistle blowing, his action fails under Kansas common law as well.[23]  The Kansas Supreme Court has held that "termination of an employee in retaliation for the good faith reporting of a serious infraction of such rules, regulations, or the law by a co-worker or an employer to either company management or law enforcement officials (whistle-blowing) is an actionable tort."[24]  In Kansas, the two-year statute of limitations for tort actions begins to run when "the act giving rise to the cause of action first causes substantial injury."[25]  In this case, plaintiff alleges that he was terminated from his employment on November 5, 2003.  However, he filed his Complaint on

---

[20]K.S.A. § 44-701, *et seq.*

[21]§ 75-2973.

[22]§ 75-2973(c).

[23]The Court would have subject matter jurisdiction over such a claim because the parties are diverse and plaintiff requests $2.7 million dollars in relief.  *See* 28 U.S.C. § 1332.

[24]*Palmer v. Brown*, 752 P.2d 685, 689-90 (Kan. 1988).

[25]K.S.A. § 60-513(a)(4), (b).

5

January 5, 2006, more than two years from his date of termination. Therefore, even when the Court construes plaintiff's Complaint as alleging a claim for retaliatory discharge for whistle blowing,[26] his claim fails because the statute of limitations has expired. Accordingly, the Court must dismiss this action for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss (Doc. 7) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 19th day of April 2006.

                                             S/ Julie A. Robinson
                                            Julie A. Robinson
                                            United States District Judge

---

[26]The Court notes that while defendant raises the argument that the statute of limitations bars plaintiff's claim, defendant does not admit that it has committed any illegal or unethical activity.